UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD E NUTTER AND SON INC., <br><br> Plaintiff, <br><br> v. <br><br> TETRA TECH TESORO INC, et al., <br><br> Defendants. | Case No. 14-cv-02060-JCS <br><br> **ORDER GRANTING MOTION TO TRANSFER VENUE** <br><br> **Dkt. No. 1** |

## I. INTRODUCTION

Plaintiff Harold E. Nutter & Son, Inc., (hereafter, "HEN"), filed this action against Tetra Tech Tesoro, Inc. ("Tesoro") and its surety, Safeco Insurance Company of America ("Safeco"), (collectively, "Defendants"), asserting a claim under the Miller Act, 40 U.S.C. § 3131 *et seq*., as well as state law claims for breach of contract, open book account and quantum meruit. Defendant has filed a Motion to Dismiss or Alternatively Transfer Venue ("Motion"), in which they contend that HEN fails to state a plausible claim for relief, and that the governing subcontract has a forum-selection clause selecting the Eastern District of Virginia as the proper forum for this dispute. The Court finds the Motion suitable for determination without oral argument, and vacates the hearing and case management conference scheduled for August 1, 2014. *See* Civil L.R. 7-1(b). For the reasons stated below, the Court GRANTS the motion to transfer venue to the Eastern District of Virginia, and DENIES WITHOUT PREJUDICE the motion to dismiss so that Defendants may re-file the motion in the Eastern District of Virginia.[1]

//

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

The Complaint alleges that Tesoro was awarded a prime contract by the United States Department of Homeland Security, United States Coast Guard ("Owner") for the construction of the D/B New Off Cycle Crew Support Building, located on Coast Guard Island, Alameda, California (hereafter, "Project"). Compl. ¶¶ 2, 7. Tesoro obtained a payment bond with Safeco in compliance with the Miller Act's mandate that contractors in federal projects obtain a payment bond "for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person." 40 U.S.C. § 3131(b)(2); Compl. ¶ 8. The payment bond makes Tesoro and Safeco jointly liable to persons supplying material and labor for the Project. *See id.*

On July 1, 2011, Tesoro and HEN entered into a subcontract in which HEN agreed to supply the labor, equipment and materials to complete the electrical work on the Project for the agreed upon price of $1,108,431.00 (hereafter, "Subcontract"). Compl. ¶ 11, Exh. A. HEN alleges that it has complied with the Subcontract, and that it also performed extra work for the Project that was directed by Tesoro. *Id.* ¶¶ 13-14. HEN alleges that Tesoro has breached the contract and that Tesoro is indebted to HEN in the amount of $139,236.32. *Id.* ¶ 14.

In their Motion, Defendants note that Article 15.3 of the Subcontract contains an express forum-selection clause:

> Subcontractor agrees that all other claims against TESORO by the SUBCONTRACTOR related in any way or manner to the Subcontract Work or this Subcontract not included in subparagraph 15.1 or 15.2 above shall be litigated in the Circuit Court of the City of Virginia Beach, Virginia or the United States District Court for the Eastern District of Virginia, Norfolk Division.

Subcontract at 6, § 15.3. Defendants contend that this forum-selection clause is binding and constitutes grounds to either dismiss this case or transfer the case to the Eastern District of Virginia.

In the opposition brief to the Motion, HEN argues that venue is proper in this court under the Miller Act's venue provision, which provides that "[a] civil action brought under this subsection must be brought … in the United States District Court for any district in which the

contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3). Defendants contend the forum-selection clause overrides the Miller Act's venue provision.

### III. DISCUSSION

Defendants move to transfer without citing any specific rule or statute. The Court construes Defendants' Motion as a motion to transfer venue under 28 U.S.C. § 1404(a). *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013).

Section 1404(a) authorizes district courts to transfer a case "to any district or division to which all parties have consented," and instructs courts to consider "the convenience of the parties and witnesses" and the "interest of justice." 28 U.S.C. § 1404 (a). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause…." *Atlantic Marine*, 134 S.Ct. at *581. Because a forum-selection clause protects the parties' "legitimate expectations," and because "the overarching consideration under § 1404(a) is whether a transfer would promote the 'interest of justice,' a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id*. (citations and alterations omitted).

When there is a valid forum-selection clause, courts need not consider the plaintiff's choice of forum, as "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. at *581. Nor should courts consider "arguments about the parties' private interests" because by agreeing to a forum-selection clause, parties "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses…." *Id*. at *582. Nevertheless, a court may still consider "public-interest factors" when deciding whether to transfer the case to the forum designated in the clause. *Id*.

HEN contends the motion to transfer should be denied because the Miller Act requires HEN to assert its claims "in the United States District Court for any district in which the contract was to be performed and executed…." 40 U.S.C. § 3133(b)(3). The Court notes that Plaintiff raises a "public-interest" factor which may be considered in a § 1404(a) motion despite the presence of the forum-selection clause. *Atlantic Marine*, 134 S.Ct. at *582. If Miller Act claims

3

1 are required to be brought in the district where the contract is to be performed, "every
2 subcontractor, no matter how small is guaranteed local forum and the opportunity to bid on federal
3 projects, and every general contractor, no matter how small is protected against harassment in
4 distant forums by powerful subcontractors." *United States ex rel. Vermont Marbel Co. v. Roscoe-*
5 *Ajax Const. Co., Inc.*, 245 F.Supp. 439 (1965) (Wollenberg, J.).  Accordingly, the issue is whether
6 the forum-selection clause is outweighed by the public-interest in having local forums available to
7 suppliers of labor and material in federal works projects.

8     While the Ninth Circuit has not addressed this issue, at least four other circuit courts have
9 held that a valid forum-selection clause in a subcontract supersedes the Miller Act's venue
10 provision.  *See United States ex rel. B & D Mech.Contractors, Inc. v. St. Paul Mercury Ins. Co.,*
11 70 F.3d 1115, 1117 (10th Cir. 1995), *cert. denied,* 517 U.S. 1167, 116 S.Ct. 1568, 134 L.Ed.2d
12 667 (1996) ("We are persuaded by our sister circuits and agree that a valid forum-selection clause
13 supersedes the Miller Act's venue provision"); *United States ex rel. Pittsburgh Tank & Tower v. G*
14 *& C Enter*s., 62 F.3d 35, 36–37 (1st Cir. 1995) (*per curiam*) (affirming dismissal of Miller Act
15 claim filed in district court in Maine where forum-selection clause required litigation in New
16 Jersey, even though the project that was the subject of a subcontract was located in Maine); *FGS*
17 *Constructors, Inc. v. Carlow,* 64 F.3d 1230, 1233 (8th Cir. 1995) (recognizing that a forum-
18 selection clause overrides the Miller Act's venue requirements); *In re Fireman's Fund Ins. Cos.*,
19 588 F.2d 93 (5th Cir. 1979) (affirming district court's order to transfer case from district court in
20 Louisiana to district court in New Jersey, as stipulated in the forum-selection clause, even though
21 project was located in Louisiana).

22     Influencing these courts' decisions is dicta from the Supreme Court which states that §
23 3133(b)(3) "is merely a venue requirement." *F. D. Rich Co., Inc. v. U. S. for Use of Indus.*
24 *Lumber Co., Inc.*, 417 U.S. 116, 124-26 (1974).  "Under conventional venue statutes, venue
25 provisions have long been subject to contractual waiver through a valid forum selection
26 agreement." *Pittsburgh Tank*, 62 F.3d at 36.  While two of these decisions that "the Supreme
27 Court in *Rich* was not focusing on anything quite like the problem in this case and *Rich*'s venue
28 reference was something of an aside," they also wrote that Supreme Court's "designation is

explicit ('merely a venue requirement') and very hard for a lower court to ignore." *Pittsburg Tank*, 62 F.3d at 36; *see also B & D Mech. Contractors*, 70 F.3d at 1117.

HEN contends this Court should ignore the Supreme Court's dicta because a court in this District addressed this issue in 1965, and held that a forum-selection clause cannot supersede the Miller Act's mandatory venue provisions.  *See Vermont Marbel*, 245 F.Supp. at 441.  The Court declines to do so.  *Vermont Marbel* was not decided with the beneficial precedent discussed above.  Moreover, at the time *Vermont Marbel* was decided, the language of § 3133(b)(3) included the phrase "and not elsewhere" at the end of the statutory text.  *See id.* at 440.  The court in *Vermont Marbel* focused on this phrase, writing that it "embodies a different and stronger public policy than normally inheres in the usual statutory venue privilege created for the benefit of the defendant." *Id*. at 442.  Because Congress has now stricken this phrase from Miller Act's venue provision, HEN finds little support in *Vermont Marbel*.

Accordingly, the Court holds that the forum-selection clause controls in this case.  This is not one of the "most unusual cases" in which the "interest of justice" is best served by overriding the parties' agreement. *Atlantic Marine*, 134 S.Ct. at *583.  The parties have agreed previously to litigate HEN's claims in the Eastern District of Virginia, and the Court declines to disrupt the parties' settled expectations.

V.  **CONCLUSION**

For the foregoing reason, the Motion to Transfer Venue is GRANTED and the Motion to Dismiss is DENIED WITHOUT PREJUDICE. The Clerk of Court shall transfer this case to the Eastern District of Virginia, Norfolk Division.

**IT IS SO ORDERED.**

Dated: July 28, 2014

JOSEPH C. SPERO
United States Magistrate Judge